Filed 1/18/24  P. v. Devore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C099001 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE004046) |
| v. | |
| LAKIVA DEVORE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lakiva Devore filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we shall affirm the judgment.

1

## BACKGROUND

The complaint, deemed an information, charged defendant with transportation of methamphetamine and possession of it for purposes of sale. (Health & Saf. Code, §§ 11379, subd. (a), 11378.)[1] The information further alleged the weight of the methamphetamine exceeded 22 kilograms. (§ 11370.4, subd. (b)(4).)

Pursuant to a plea agreement, defendant pleaded no contest to transportation of methamphetamine and a (lesser) weight enhancement of more than one kilogram. (§§ 11379, subd. (a), 11370.4, subd. (a)(1).)

Defendant and her codefendant were seen at a gas station exchanging money, after which 50 pounds of methamphetamine was placed into the codefendant's car. Defendant "tracked" her codefendant's car on the freeway where they were stopped by law enforcement in Sacramento County. A search of the codefendant's car uncovered 50 pounds of methamphetamine. During the plea colloquy, defendant's counsel represented to the court that he had received 1,100 plus pages of discovery and he believed the discovery supported this factual basis.

In exchange for defendant's plea and in accordance with the plea agreement, the trial court dismissed the remaining count and sentenced her to five years confinement, consisting of one year in custody in the county jail and four years of mandatory supervised release. (Pen. Code, § 1170, subd. (h)(B)(5).) The judge imposed but stayed numerous fees and fines based on defendant's indigency.

Defendant appealed and obtained a certificate of probable cause. In her statement supporting the issuance of the certificate, she asserted this case was a conspiracy against her, and despite her attorney's representation to the trial court, there were 1,100 pages of discovery that had not been provided at the time she was sentenced.

---

[1] Undesignated statutory references are to the Health and Safety Code.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                        /s/
                                Duarte, J.

We concur:


    /s/
Robie, Acting P. J.


    /s/
Krause, J.

3